IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JYL BACA,

    Plaintiff,

vs.                                                      Civil No. 99-301 BB/WWD

CITY OF BELEN, and LAWRENCE
ROMERO and LARRY GALLEGOS in their
individual capacities,

    Defendants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Compel Defendants To Respond To Plaintiff's First Sets of Discovery Requests, filed March 20, 2000 **[docket # 51]**.[1]

*Interrogatory No. 2:* asks Defendants to describe in detail from their "perspective" the events "regarding Plaintiff Jyl Baca's allegations." Even though Plaintiff has clarified that the "allegations" referred to are those set forth in Plaintiff's amended complaint, I find that Defendants' objections of vagueness and confusion are well-taken. While it is clear to *whom* Plaintiff poses the question (to all Defendants separately), it is not clear *what* information Plaintiff hopes to elicit. The discovery process obligates either party to "compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

---

[1] In the Reply, Plaintiff withdraws that portion of the present motion seeking additional information in response to Interrogatory No. 13.

1

However, Plaintiff is obligated to frame inquiries which elicit responses and not loose associations regarding four pages of factual allegations. I agree with Defendants that the natural response to this Interrogatory is what Defendants have already provided in the Answer to the Amended Complaint. Other than providing Plaintiff with supplemental information on their Answer, Defendants need not respond further to this question.

***Interrogatories Nos. 4 and 5; Requests for Production Nos. 6, 7, 9 and 12***: seek information and documentation regarding how the Belen Police Department ("BPD") files and investigates sex crimes and citizen complaints, both against other citizens and against members of the Department, as well as how the Department responds to employee misconduct. Defendants appropriately invoke Fed.R.Civ.P.33(d) in turning over the Department's standard operating procedures ("SOP's"), but then fall short of compliance with the rule by failing to "locate and identify. . . the records from which the answer may be ascertained."
Notwithstanding the universe of police reports taken or filed by Belen police officers, Plaintiff's discovery requests target only two types: sex crimes and citizen complaints.[2] Defendants shall provide Plaintiff with specific references to the SOP's that are responsive to the individual requests in this section.

***Interrogatory No. 10:***  Plaintiff requests information about whether any City of Belen employee, other than the officers to whom Plaintiff originally reported Defendant Gallegos' sexual battery, was notified of the report. Defendants' objections are overruled. Any confusion over the

---

[2] Interrogatories Nos. 4 and 5: "citizen police report"; Interrogatory No. 6: "when a citizen files a report, charge or complaint"; Interrogatory No. 7: "when a citizen files a charge or complaint against an employee of [BPD]. . ."; Interrogatory No. 9: "illegal or otherwise inappropriate behavior of employees"; Interrogatory No. 12: "sex crime investigations."

term "police report" should have been resolved with the information obtained in the letter by Plaintiff's counsel.  See Pltff's Ex. F.  Further, the plain language of the request language ("anyone at the City of Belen") sufficiently dispels absurd notions that Plaintiff seeks names of grand jurors or of any and every individual who has happened across the federal court records in this case.  Defendants shall fully respond to this Interrogatory.

***Request for Production No. 1:***  seeks the complete personnel files for Defendants Lawrence Romero and Larry Gallegos as well as a non-party, former police department employee Gilbert Zamora.  Defendants have conceded to the discovery of the Defendants' personnel files, but object to the discovery of Mr. Zamora's file on the basis of relevancy and privacy interests.  Plaintiff alleges that Zamora, on Defendants' behalf, attempted to intimidate her into dropping her accusations against Defendants.  Whether Plaintiff's testimony supports this allegation is not a matter to be decided at this point.  Rather, a personnel file may be produced where information contained in the file may lead to the discovery of admissible evidence under Fed.R.Civ.P. 26(b)(1).  See, e.g., Hoskins v. Sears, Roebuck & Co., (Table, text in Westlaw), 1997 WL 557327 (D.Kan.) (allowing parts of personnel files to be produced where possibly relevant).  An *in camera* inspection of Zamora's personnel file will not be necessary; however, Defendants shall produce the file subject to the entry of a confidentiality agreement between the parties.

***Request for Production No. 2***: seeks documents in the possession of any "agent" of the BPD from January 1997 to the present regarding Plaintiff.  Defendants' various objections to this request are overruled.  First, the reply makes clear that Plaintiff's reference to "agents" does not include former agents.  Second, while Plaintiff concedes the request does not ask for communications between attorney and client, it is still Defendants' burden as the party seeking

3

protection under both attorney-client privilege and the work product doctrine to establish that either or both is applicable.  Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984).  Third, Defendants' objection based on the possible use of documents in some future criminal proceeding against Defendant Gallegos cannot provide a blanket excuse for non-disclosure of otherwise discoverable information.  Thus, Defendants shall completely respond to this request, and shall support any assertions of either attorney-client or work product privilege by means of a privilege log.

*Request for Production No. 3:* asks for "any and all documents having to do with any sort of discipline or adverse employment action taken against" Lawrence Romero, Larry Gallegos and Gilbert Zamora.  Reading this request as including the internal affairs files for these individuals is not such a huge leap in verbal construction as to justify Defendants' objection that it is "overbroad."  Also, the sought information is clearly relevant to supervisory and municipal liability claims as well as possible punitive damages.  Defendants shall fully respond to this request.

*Request For Production No. 17:* asks for documentation regarding "any of the cases and/or charges identified" in Plaintiff's first set of interrogatories.  Defendants shall respond to this request.  Plaintiff's clarification in the reply should clear up Defendants' confusion as to the references to "cases or charges."[3]  However, Defendants need not provide documents or materials which are a matter of public record as a filed lawsuit, e.g., the case referred to in  Interrogatory No. 11.

---

[3]  I note that Defendants' answer to Interrogatory No. 22 does not list any case or charge.  See Ex. D at 14.

4

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Compel Defendants To Respond To Plaintiff's First Sets of Discovery Requests **[docket # 51]** is GRANTED IN PART and DENIED IN PART as set out above;

**IT IS FURTHER ORDERED** that Defendants shall provide responses as directed within **three (3)** weeks after the date this Order is entered.

_____
UNITED STATES MAGISTRATE JUDGE