IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JYL BACA,

    Plaintiff,

vs.                                                              Civ. No. 99-301 BB/WWD

CITY OF BELEN, and LAWRENCE ROMERO
and LARRY GALLEGOS , in their individual
capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiff's Motion to Compel Defendants to Answer Deposition Questions and For Sanctions [docket no. 75] filed May 12, 2000. Plaintiff seeks an order compelling Defendants Lawrence Romero and Larry Gallegos to answer questions propounded to them at the time of their deposition, and Plaintiff also seeks sanctions against Defendants. At the deposition of Larry Gallegos on April 3, 2000, Plaintiff's counsel asked numerous questions which defense counsel instructed Gallegos not to answer. Defendant contended that the questions were not relevant to any issue in the lawsuit. Defense counsel followed the same course of action a number of times during the deposition of Defendant Lawrence Romero. As the Court stated *Resolution Trust Corp. v. Dabney*, 73 Fed. 3rd 262, 266 (10th Cir. 1995):

> Under the plain language of Fed. R. Civ. P. 30(d)(1), counsel may instruct a
> deponent not to answer only when necessary to preserve a privilege, to enforce a
> limitation on evidence directed by the court, or to suspend a deposition in order to

present a motion under Fed. R. Civ. P. 30(d)(3).  <u>It is inappropriate to instruct a witness not to answer a question on the basis of relevance</u>.  (Emphasis supplied)

There is no suggestion of privilege having been invoked; no limitation on evidence had been imposed by the Court; and the deposition was not being suspended to present a motion under Fed. R. Civ. P. 30(d)(3).  Defense counsel, a competent and experienced practitioner, simply chose to proceed in a way contrary to Fed. R. Civ. P. 30(d)(1) and the applicable case law cited above.  Given the applicable rule and case law, there is no reason to address any question of relevance.  Accordingly, I find that Plaintiff's motion is well taken and it should be granted.  The depositions of the two individual Defendants should be reconvened for one hour in each instance for the purpose of exploring the areas foreclosed by defense counsel's inappropriate instruction to the witnesses.  As an appropriate sanction, Defendants shall pay the costs associated with the reconvened depositions, including reasonable attorney fees for one attorney for Plaintiff for the reconvened depositions, plus Three Hundred Dollars ($300.00) which I find to be the reasonable attorney fees in connection with the preparation and filing of the instant motion.  The depositions of the two individual Defendants shall be reconvened upon reasonable notice.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE