## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
_____

**JYL BACA,**

     Plaintiff,

v.                                                    CIV NO. 99-301 BB/WD

**CITY OF BELEN,**
**LAWRENCE ROMERO,**
**AND LARRY GALLEGOS,**

     Defendants.

                    **and**

**IN RE GRAND JURY MATTER**          NO. 6312

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Petition Seeking the Disclosure of the Grand Jury Testimony of Jyl Baca and Tim Frazer, filed April 5, 2000.  The Court has reviewed the petition, the memoranda submitted by the parties, and the relevant authorities.  The Court finds that the petition is well taken in part, and hereby GRANTS the petition with respect to Jyl Baca's testimony, but DENIES it with respect to Tim Frazer's testimony.

## I.  BACKGROUND

On April 27, 1999, Plaintiff, Respondent, filed a civil lawsuit against Defendants, Petitioners, alleging a violation of 42 U.S.C. §§ 1983, 1985, the Fourteenth Amendment, and state tort law.  Specifically, Plaintiff alleges Defendant Larry Gallegos, then Assistant Chief of Police for the City of Belen, conducted a traffic stop, ordered Plaintiff out of the car, and forced her to perform oral sex on him.  Plaintiff also alleges that as they drove away her car became stuck in the sand, Defendant Gallegos exited his car, approached Plaintiff's car, and again forced her to perform oral sex on him.  The night of the alleged assault, Plaintiff made a tape-recorded statement to Officers Tim Frazer and Chris Pino of the City of Belen Police Department.

As a result of these events, the United States convened Grand Jury 6312 to consider the matter.  On or about June 2, 1998, Jyl Baca and Tim Frazer testified before the Grand Jury regarding the aforementioned events.  Presently, Plaintiffs seek disclosure of Jyl Baca and Tim Frazer's grand jury testimony.

## II.  DISCUSSION

### A.  Legal Standard

The Supreme Court has consistently "recognized that the proper functioning of the grand jury system depends on the secrecy of the grand jury proceedings."  Douglas Oil v. Petrol Stops, 441 U.S. 211, 219 (1979).  The need for secrecy, however, is not absolute.  As the Supreme Court noted in Douglas Oil, the "recognition of the occasional need for litigants to have access to grand jury transcripts led" to the provisions in the Federal Rules of Criminal Procedure enumerating several exceptions to the general rule of grand jury secrecy.  Id.

Fed. Rule Crim. Proc. 6(e)(3)(C)(i), in particular, provides that grand jury materials, including witness testimony, may be disclosed "when so directed by a court preliminarily to or in connection with a judicial proceeding."   After examining several prior grand jury decisions and considering the competing needs for secrecy and disclosure, the Supreme Court delineated the standard for determining when grand jury testimony should be disclosed:

> [p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the materials needed.

Id., at 223.

This standard, then, consists of three essential components: (1) showing of particularized need; (2) balancing of this need with the continued interest in secrecy; and (3) determining the structure of disclosure if any.  In re Special Grand Jury 89-2, 143 F.3d 565 (10th Cir. 1998).

### B.  Jyl Baca's Grand Jury Testimony

Defendants argue disclosure of Plaintiff's grand jury testimony is necessary for impeachment purposes.  After considering the motion under the above standard, the Court finds Plaintiff's grand jury testimony about the events on the night of the alleged incident should be disclosed.

### 1.  Particularized Need

The first element is the "most significant" factor and requires the party seeking disclosure to show "a particular, not a general, need" for the grand jury material.  In re Special Grand Jury 89-2, 143 F.3d at 570 (quoting In re Lynde, 922 F.2d 1148, 1152 (10th Cir. 1991)).  Usually, "'particularized need' arise[s] when the litigant seeks disclosure of grand jury transcripts 'to

impeach a witness, to refresh his recollection, [or] to test his credibility." In re Lynde, 922 F.2d
at 1454 (quoting United States v. Proctor & Gamble, Co., 356 U.S. 677, 683 (1958). The mere
"claimed need to impeach, standing alone" is not sufficient to establish a need for the testimony.
In re Special Grand Jury 89-2, 143 F.3d at 571.   Instead, the party seeking disclosure must point
to actual examples of inconsistent testimony on material issues.  Id.

Defendants predicate their particularized need for disclosure of Plaintiff's grand jury
testimony on the alleged material inconsistencies between Plaintiff's statements from the night of
the incident, Plaintiff's allegations in her Amended Complaint, and Plaintiff's deposition
testimony.  Specifically, Defendants argue there are discrepancies relating to: (1) the extent of the
alleged assault; (2) whether or not Plaintiff knew Defendant Gallegos on the night of the alleged
assault; and (3) the events leading up to the second part of the alleged assault.

The Court does find an inconsistency in Plaintiff's statements about the extent of the
alleged assault.  In Plaintiff's tape recorded statement on the night of the alleged incident, she
claimed Defendant Gallegos touched her vagina and/or buttocks during the assault.  In her
deposition testimony, however, Plaintiff did not recount any contact with her vagina and/or
buttocks in her description of the alleged assault.  Furthermore, the Court finds this inconsistency
material and rejects Plaintiff's claim that "Ms. Baca's failure to recall this relatively minor portion
of the assault is unremarkable in light of the length of time that elapsed between the incident and
her deposition . . ."

Nonetheless, the Court finds no inconsistencies in Plaintiff's testimony on the other
matters.  With regard to whether Plaintiff knew Defendant Gallegos on the night of the assault,
her testimony is consistent.  In her statement given to Officer Frazer and in her deposition

testimony she claimed she did not know Defendant Gallegos, or his name, before the incident occurred.  Defendant argues this is inconsistent with Plaintiff's Amended Complaint in which it is alleged Plaintiff "recognized the officer who approached the car as Larry Gallegos."  Besides the immateriality of the difference, the allegation in the Amended Complaint was unverified by Plaintiff and should therefore be understood as a failure by Plaintiff's attorney to adequately state the allegation, rather than an inconsistent statement by Plaintiff.

Finally, the Court finds no significant discrepancy in Plaintiff's statements regarding the sequence of events leading to the second part of the alleged assault.  After the alleged initial incident, Plaintiff followed Defendant Gallegos as he drove away.  Defendants argue Plaintiff's description of the sequence of events after the initial incident is both inconsistent and material.  In Plaintiff's deposition, she testified that after following Defendant Gallegos' car for awhile she believed he was leading her to another secluded area.  Plaintiff testified she put her car into reverse, hit something and got stuck in the soft sand, at which point Defendant Gallegos exited his car and came back to her car.

Defendants maintain this description of the events is inconsistent with Plaintiff's taped statement from the night of the alleged incident in which she explained that while following Defendant Gallegos on a dirt road, she fishtailed a little bit and then stopped her car.  Defendants argue if Plaintiff had described hitting something in her taped statement to the officers on the night of the crime, as she did in her deposition, the officers would have been able to investigate this part of incident because "there would have been physical evidence of the collision."  The Court finds no merit to this argument.  Defendants fail to note relevant portions of Plaintiff's testimony from her taped statement, particularly her response to a question from Defendant

-5-

Gallegos: "[y]eah, I'm fine to drive. I just hit some soft dirt." Although the details of the precise manner Plaintiff's car came to a stop are not clear to the Court, the slight differences in Plaintiff's statements highlighted by Defendant do not rise to the level of inconsistent testimony on a material matter.

Although the Court finds only one of Defendants' examples demonstrates an actual inconsistency in testimony, the inconsistency – the extent of the alleged assault – is material as it relates to the core of Plaintiff's claim. Defendants' claimed need to impeach, therefore, does not stand alone, but is supported by one example of inconsistent testimony on a material issue.

<u>2. Balancing Particularized Need and Secrecy Interests</u>

After a party "makes the required showing of particularized need, the court must weigh the particularized need against public interests 'served by safeguarding the confidentiality of grand jury proceedings." <u>In re Special Grand Jury 89-2</u>, 143 F.3d at 571 (quoting <u>Douglas Oil</u>, 441 U.S. at 219). The Supreme Court has delineated the primary interests involved in the preservation of grand jury secrecy.[1] Significantly, however, these interests pertain to *ongoing* grand jury

---

[1]In <u>Douglas Oil</u>, the Supreme Court explained:

> [f]irst, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

441 U.S. at 220. *See also* <u>Proctor & Gamble,</u> 356 U.S. at 681-82, n. 6 (quoting <u>United States v. Rose</u>, 215 F.2d 617, 628-29 (Third Circuit 1954)):

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the

-6-

proceedings.  In this case these interests are irrelevant – the grand jury has disbanded, having long

ago concluded its investigation into criminal charges against Defendant.

Even when grand jury proceedings have concluded, the reduced interest in secrecy is not

entirely eliminated, because the court must consider the possible effects of disclosure upon the

functioning of future grand juries.  Douglas Oil, 441 U.S. at 222.  The Supreme Court has

explained the interests involved in continued secrecy:

> [p]ersons called upon to testify will consider the likelihood that
> their testimony may one day be disclosed to outside parties.  Fear of
> future retribution or social stigma may act as powerful deterrents to
> those who would come forward and aid the grand jury in the
> performance of its duties.  Concern as to the future consequences
> of frank and full testimony is heightened where the witness is an
> employee of a company under investigation.

Id.  Once again the concerns enumerated by the Supreme Court provide little justification, if any,

for continuing grand jury secrecy in the case at bar.

Although Plaintiff argues that releasing her grand jury testimony might "have a significant

negative impact on the functioning of future grand juries," Plaintiff provides no explanation to

support this position.  The Court is similarly unable to explain how disclosing Plaintiff's grand

jury testimony about the events of the night of the alleged incident would have any negative

impact on future grand juries.  In considering the various interests, the Court finds that from the

outset of the grand jury investigation there was a substantial likelihood that Plaintiff's testimony

would be disclosed to outside parties.  If the grand jury had returned an indictment against

---

witnesses who may testify before grand jury and later appear at the trial of those
indicted by it; (4) to encourage free and untrammeled disclosures by persons
who have information with respect to the commission of crimes; (5) to protect
innocent accused who is exonerated from disclosure of the fact that he has been
under investigation, and from the expense of standing trial where there was no
probability of guilt.

Defendant Gallegos, and Plaintiff had testified in a criminal trial against Defendant, her grand jury testimony would have been made available to Defendant. 18 U.S.C. § 3500 (b), (e)(3). This likelihood of disclosure existed, therefore, well before Plaintiff initiated the present civil action. Additionally, the Court does not find the proposed disclosure of Plaintiff's testimony would create a fear of retribution or social stigma that would in any way deter Plaintiff from testifying in front of a grand jury in the future.

The Court, after balancing the competing needs for disclosure of the grand jury testimony and continued secrecy, finds disclosure of portions of Plaintiff's grand jury testimony appropriate. Admittedly, Defendants' demonstration of a particularized need for Plaintiff's grand jury testimony is slight – they have presented only one example of Plaintiff's inconsistent testimony regarding a material item. However, as the traditional concerns in preserving secrecy are altogether absent from this case, this thin demonstration is sufficient to outweigh the traditional interests in continuing secrecy.

### 3.  Structure of the Disclosure

The nature of the disclosure should "be structured to cover only the material required in the interests of justice." In re Special Grand Jury 89-2, 143 F.3d at 572 (quoting United States v. Sobotka, 623 F.2d 764, 768 (2nd Cir. 1980)).   In this case Defendants have requested the sections of Plaintiff's grand jury testimony that relate to the events of March 20, 1997. The Court will conduct an in camera review of Plaintiff's grand jury testimony and redact those sections of the testimony which do not address the extent of the alleged assault on March 20, 1997. *See* Id., 143 F.3d at 572 ("[i]t is the court's obligation 'to make an in camera examination of the pertinent

-8-

portions of the grand jury transcript,' and structure the order properly.") (quoting <u>United States</u> <u>v. Sobotka</u>, 623 F.2d at 768).

### C.  Disclosure of Tim Frazer's Grand Jury Testimony

Defendants also argue that disclosure of Officer Frazer's testimony is necessary in order to test his credibility.  The Court finds Defendants are unable to demonstrate a particularized need for the desired grand jury testimony.  Defendants cite several facts to support their argument of a particularized need for disclosure of Officer Frazer's testimony, including: (1) Officer Frazer was in charge of investigating the alleged events; (2) while the incident was under investigation, Officer Frazer had a sexual relationship with Plaintiff; (3) before the incident Plaintiff wanted to date Officer Frazer; and (4) Officer Frazer admitted in his deposition that in the grand jury he testified about being a disgruntled employee and problems he had with some of Defendants.  Even if the above facts are all true, they do not demonstrate a particularized need to disclose Officer Frazer's grand jury testimony.  *See* <u>In re Grand Jury 95-1</u>, 118 F.3d 1433 (10th Cir. 1997).  At best these facts manifest the possibility of bias, which can be brought out on cross examination. However, there is no indication Officer Frazer has provided false or inconsistent statements about any of the events in question.  The Court, therefore, finds no reason to disclose Officer Frazer's grand jury testimony.

### **<u>ORDER</u>**

For all the reasons stated above, this Court finds disclosure of portions of Plaintiff's grand jury testimony is appropriate, and the disclosure of Officer Frazer's grand jury testimony is inappropriate.  In accord with this order, the Court will conduct an in camera review of Plaintiff's

grand jury testimony to disclose only those sections of the testimony which relate to the events of March 20, 1997.

IT IS HEREBY ORDERED that Defendants' Motion is GRANTED in part and DENIED in part.

Dated at Albuquerque this 21st day of June, 2000.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
Paul J. Kennedy
Mary C. Han
1122 Central Avenue, S.W.
Albuquerque, New Mexico 87102

Gilbert J. Vigil
1615 Central Avenue
Albuquerque, New Mexico 87104

**For Defendants**
Miller, Statvert & Torgerson, P.A.
Virginia Anderman
500 Marquette Ave. N.W. Suite 1100
P.O. Box 25687
Albuquerque, New Mexico 87125

-10-